IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAMON P. BREWTON                                      PLAINTIFF

v.                              Civil No. 11-2156

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration,                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

On August 18, 2011, Plaintiff, David Collins, appealed to this Court from the denial of her application for social security disability benefits by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). ECF No. 1. On September 17, 2012, the matter was remanded for further consideration, pursuant to sentence four, 42 U.S.C. § 405(g). ECF Nos. 12, 13.

**I.  Background:**

Plaintiff filed a Motion for An Award of Attorney Fees Under The Equal Access to Justice Act, (hereinafter the "EAJA"), on December 11, 2012. ECF No. 14, 15. On December 27, 2012, the undersigned entered a report and recommendation recommending that Plaintiff be awarded $4,068.58 in attorney fees pursuant to the EAJA, to be paid in addition to, but not out of, any past due benefits which Plaintiff may be awarded in the future. ECF No. 19.

On January 29, 2013, Plaintiff's counsel was notified that the full amount of Plaintiff's EAJA award would be applied to offset his child support debt. On July 19, 2013, a favorable decision was entered, finding the Plaintiff disabled from April 1, 2001, through the date of the decision. On

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

February 4, 2015, Plaintiff's counsel was notified that $23,961.75 had been withheld from the Plaintiff's past-due benefits in anticipation of an authorized attorney's fee. ECF No. 20-5.

On April 13, 2015, Plaintiff's attorney filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 20. Counsel requests attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $4,068.58. The Defendant filed a response objecting to the Plaintiff's motion as being untimely. ECF No. 22. And, the Plaintiff filed a reply in response. ECF No. 23. This matter is currently before the undersigned by consent of the parties. ECF No. 3.

II.     **Applicable Law:**

Under both the EAJA and 42 U.S.C. § 406(b), courts may award attorney fees to prevailing claimants and their attorneys. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). A double recovery, however, is not permitted. When both awards are granted, the attorney must refund the lesser award to the client. *Id*. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id*. (quotations and ellipses omitted).

The basis for counsel's motion, 42 U.S.C. § 406, deals with the administrative and judicial review stages in Social Security proceedings discretely—" § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id*. at 794. Unlike the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 406(b) does not authorize the prevailing party to recover fees from the losing party. *Id.* at 802. "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Id*.

Congress enacted § 406(b) to "protect claimants against 'inordinately large fees' and also to

ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" *Id*. at 805.  Recognizing that contingent-fee agreements are the primary means by which fees are set for successfully representing Social Security benefits claimants in court, section 406(b) calls for court review of such arrangements as an independent check, to assure that they yield "reasonable results in particular cases." *Id*. at 807.  Therefore, even if the contingency-fee agreement is at or below the 25 percent boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

District courts are tasked with the responsibility of conducting an "independent check" to ensure the fee award is reasonable. *Id*.  A court should determine whether a downward adjustment of an attorney's recovery is appropriate "based on the character of the representation and the results the attorney achieved." *Id*. at 808.  To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment "[i]f the award of benefits is large in comparison to the amount of time counsel spent on the case." *Id*.

### III. Discussion:

The court, having reviewed this case in light of *Gisbrecht*, is required to give primacy to the contingent-fee agreement.  Here, the agreement calls for a fee of 25 percent of past-due benefits or a flat fee of $5,300.00, the same benchmark percentage permitted by statute.  *See* 42 U.S.C. § 406(b)(1)(A).  The court finds that Ms. Brooks is not responsible for any delay allowing her to "profit from the accumulation of benefits during the pendency of the case in court," nor are the benefits "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. (Ms. Brooks alleges to have spent 25.30 attorney hours and 2.75 paralegal hours working on the substance of this matter.  ECF No. 20-2).  The court further finds that Ms. Brooks achieved

a favorable result for Plaintiff and bore the risk of no payment under the contingency-fee agreement had Plaintiff not been successful. In accordance with *Gisbrecht*, the court concludes that Plaintiff's counsel has met the burden of showing the reasonableness of the fees requested under 42 U.S.C. § 406(b), and is entitled to an award of $4,068.58.

With respect to the timeliness of Plaintiff's motion, the Notice of Award is dated July 19, 2013, while the Notice of Withholding is dated February 4, 2015. Plaintiff filed her motion for attorney fees on April 13, 2015, 633 days after the favorable decision on remand finding Plaintiff disabled and entitled to benefits and 68 days after the Agency's Notice of Withholding. ECF Nos. 20, 22. We note that the United States Court of Appeals for the Eighth Circuit has not addressed the specific issue of timeliness of a § 46(b) fee request. However, the Tenth and Seventh Circuits have adopted a "reasonable time" rule for these filings, and consider reasonableness on a case-by-case basis , 815 F.2d 1152 (7th cir. 1987) (holding petition for fees under § 406(b)(1) raises issues collateral to the merits of the cause of action and governed by Fed. R. Civ. P. Rule 54 which "imposes no time limit apart from an implicit requirement of reasonableness); *see also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (employing Fed. R. Civ. P. Rule 60(b)(6) and finding a motion for fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits).

In her reply, Plaintiff's counsel states that in the weeks following the favorable decision, she began attempting to obtain her EAJA award directly from the Plaintiff. ECF. No. 23.

> On January 8, 2014, after several unreturned phone calls, counsel sent a letter to Plaintiff reminding him of his agreement to reimburse her for any EAJA award that may be taken to pay his federal debt and requesting payment.
>
> On June 2, 2014, Plaintiff's counsel sent a second letter to Plaintiff, again requesting

4

> payment of her EAJA fee for work before the district court. On October 7, 2014, Plaintiff's counsel sent a third letter to Plaintiff, again requesting payment of her fee and informing Plaintiff that if she was still unable to obtain payment, she may ultimately petition the Court for her fee to be paid directly from Plaintiff's past-due benefits. Despite numerous letters and phone calls requesting payment, the Petitioner has still been unable to collect the balance of the EAJA award directly from Plaintiff.
>
> On February 4, 2015, the Agency notified Plaintiff's counsel that it was withholding 25 percent of Plaintiff's past-due benefits, or $23,961.75, in anticipation of payment of an attorney fee under § 406 (b). Following this notice of withholding, Plaintiff's counsel wrote the Agency on February 17, 2015, requesting direct payment of the balance of the EAJA fee from Plaintiff's past-due benefits award, and reserving her right to petition the district court if necessary.
>
> On March 16, 2015, Plaintiff's counsel was informed by Central Operations that although the requested amount of $4,068.58 was being approved at that time, Plaintiff's counsel would need to bring a motion before the District Court for an award under § 406(b) (1) before the funds could be directly released to her. Also at that time, the remaining funds being withheld were released to Plaintiff.

ECF No. 23. The Court believes Plaintiff's counsel has given sufficient reason for the delay, and therefore will consider his motion to be timely filed.

## IV.    Conclusion:

Accordingly, Plaintiff's application for attorney's fees pursuant to 42 U.S.C. § 406(b), is granted in the amount of $4,068.58. While we do note that Plaintiff was awarded an EAJA fee in the amount of $4,068.58, Plaintiff's counsel contends that payment was never made because the full amount was paid to the Department of the Treasury to offset the Plaintiff's child support debt. The Defendant does not refute this argument, instead stating as follows: "In the event an EAJA payment error by the agency is discovered, and if Plaintiff's attorney is [sic] receives fees pursuant to the EAJA and 406(b), Plaintiff's attorney must refund the amount of the smaller fee to Plaintiff." ECF No. 22. Therefore, we will award Plaintiff's counsel the full $4,068.58 fee. However, should he receive the $4,068.58 awarded pursuant to the EAJA, she is ordered to return it to the Plaintiff.

IT IS SO ORDERED this 15th day of June 2015.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE